```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/16/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMON JONES,

               Plaintiff,

-against-

Sickafus Sheepskins, Inc.,

               Defendant.

23 Civ. 7623 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On August 28, 2023, Plaintiff, Damon Jones, commenced this action against Defendant, Sickafus Sheepskins, Inc., alleging that Defendant's website sickafus.com was not fully accessible to blind and visually impaired persons in violation of the Americans with Disabilities Act. Compl., ECF No. 1. For the reasons discussed below, the complaint is dismissed without prejudice for failure to prosecute.

    On August 31, 2023, the Court ordered the parties to submit a joint letter and proposed case management plan by October 27, 2023. ECF No. 7. On October 30, 2023, having received no submissions, the Court extended the deadline to November 27, 2023. ECF No. 9. On November 28, 2023, having again received no submissions, the Court ordered the parties to submit the documents by December 29, 2023, or Plaintiff to file a letter stating his intentions regarding the prosecution of this action. ECF No. 10. Again, that deadline passed and no documents were filed. Accordingly, on January 17, 2024, the Court ordered Plaintiff to file a letter, by February 18, 2024, showing cause why this action should not be dismissed for his repeated failure to comply with the Court's orders. ECF No. 12. The Court advised Plaintiff that failure to respond would result in dismissal. *Id.* Plaintiff did not respond.

    Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

    Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiff has failed to prosecute this action, as evinced by his repeated failure to respond to or comply with the Court's orders. Plaintiff has further failed to communicate with the Court during the pendency of this matter. The length of this delay is significant enough to weigh in favor of dismissal. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (noting that a plaintiff's conduct "may warrant dismissal after merely a matter of months") (citation omitted). Second, the Court expressly warned Plaintiff that failure to comply with its orders would result in dismissal for failure to prosecute. ECF Nos. 11, 12. Third, because Plaintiff has not communicated with the Court since filing the case in August 2023, and has not provided good cause for his absence, the Court may presume prejudice to Defendants resulting from the "unreasonable delay" in prosecution of this matter. *See Lyell Theatre Corp.*, 872 F.2d at 43; *Wan v. U.S. Postal Serv.*, No. 17 Civ. 1560, 2018 WL 1785485, at *4 (E.D.N.Y. Apr. 13, 2018). Fourth, as to docket management, "it is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that [Plaintiff] will reappear in the future." *Ikpemgbe v. City of New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (cleaned up). Finally, dismissal is appropriate where the Court "has no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo*, No. 13 Civ. 2477, 2015 WL 13745762, at *9 (S.D.N.Y. Sept. 22, 2015) (cleaned up). Here, given that Plaintiff has failed to communicate with this Court despite repeated warnings of the consequences, there is no reason to find that a lesser sanction would spur Plaintiff to prosecute the case.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: April 16, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge